COMMONWEALTH *vs.* CONFESSOR CORDERO. No. 92-P-580. April 15, 1993. *Evidence*, Expert opinion, Certificate of drug analysis. *Witness*, Expert. *Controlled Substances*.

Nothing has been made to appear in the record on appeal that would cause us to reverse the defendant's conviction of trafficking in cocaine. There are two principal issues raised on appeal.

1. *Expert testimony*. The test of what is a "proper subject of expert testimony has focused increasingly on whether, in the wide discretion of

the trial judge, the subject was one on which the opinion of an expert would have been of assistance to the jury without undue prolongation of the trial and undue exploration of collateral matters." *Commonwealth* v. *Gregory*, 17 Mass. App. Ct. 651, 654 (1984). "[U]nder modern standards, expert testimony on matters within the witness's field of expertise is admissible whenever it will aid the jury in reaching a decision, *even if the expert's opinion touches on the ultimate issues that the jury must decide*" (emphasis added). *Commonwealth* v. *Pikul*, 400 Mass. 550, 554 (1987), quoting from *Simon* v. *Solomon*, 385 Mass. 91, 105 (1982). See also *Commonwealth* v. *Almeida, ante* 901, 902-903 (1993).

Knowledge as to the significance of method of packaging, amount and purity of narcotics and different instrumentalities used to administer narcotics, as they relate to possession and possession with intent to distribute, is not within the realm of common experience. See *Commonwealth* v. *Francis*, 390 Mass. 89, 99 (1983). Contrast *Commonwealth* v . *Gardner*, 350 Mass. 664, 667 (1966). "The use of narcotics investigators as experts in drug cases has an impressive history." *Commonwealth* v. *Johnson*, 410 Mass. 199, 202 (1991), and cases cited. *Commonwealth* v. *Johnson*, 413 Mass. 598, 604 (1992). *Commonwealth* v. *Sendele*, 18 Mass. App. Ct. 755, 759 n.14 (1984) ("The importance of testimony by experts in drug cases is manifest from the decisions").

We agree with the defendant that the witness may not proffer an expert opinion as to the guilt or innocence of the defendant. In that same vein, the use of hypothetical questions properly grounded in the evidence may be employed; however, the form of those questions must be such as not to cause the witness to comment on guilt or innocence. Contrary to the defendant's assertion, that did not occur here.

In *Commonwealth* v. *Johnson*, 410 Mass. at 202, the court held that a properly qualified police detective could offer his opinion, as an expert in the field of narcotics distribution, that "the amount of cocaine possessed by the defendant was not consistent with personal use but was consistent with an intent to distribute." See also *Commonwealth* v. *Johnson*, 413 Mass. at 603 & n.7 (qualified police officer testified that "the manner in which the cocaine possessed by the defendant was packaged was consistent with an intent to distribute"). As Inspector Taylor's testimony here was similar in that regard, the judge properly could admit it in evidence.[1] Inspector Taylor merely responded, admittedly to an inartfully phrased hypothetical question,[2] that the possession of cocaine in the circumstances such as those

---

[1]For a discussion of the dangers involved in permitting police officers to give opinion testimony beyond their practical expertness, see Note, The Admissibility of Ultimate Issue Expert Testimony by Law Enforcement Officers in Criminal Trials, 93 Colum. L. Rev. 231 (1993).

[2]The difficulty arose out of the prosecutor's response to the codefendant's counsel's objection to the use of the pronoun "their" rather than "his" when referring to

presented here "would [in the witness's opinion] be that [the cocaine] was possessed with the intent to distribute and not for personal use."

2. *Certificates of analysis.* The Department of Public Health's certificates of analysis of cocaine were properly admitted in evidence. Pursuant to G. L. c. 111, § 13, the certificates are prima facie evidence of weight. The defendant contends that the certificates here cannot be prima facie evidence of the weight of the drugs unless the Commonwealth demonstrates by independent proof that the Commonwealth requested the weight of the drugs. It is well known that the punishment for drug trafficking offenses is predicated on weight. We think it is fair to conclude that at least in those offenses in which weight of the drugs is an element, ascertainment of such weight is implicit in the official request for chemical analysis. To require a showing of an explicit request would seem merely to add unnecessary paperwork.

*Judgment affirmed.*

*M. Page Kelley,* Committee for Public Counsel Services, for the defendant.

*Michael Chinman,* Assistant District Attorney, for the Commonwealth.

---

the apartment where the drugs were discovered. When the drugs were found in the defendant's apartment, the codefendant was present.