## COMMONWEALTH *vs.* LUALLEN W. CHADWICK.

No. 95-P-1995.

Franklin. February 7, 1996. - May 14, 1996.

Present: DREBEN, LAURENCE, & FLANNERY, JJ.

*Constitutional Law,* Admissions and confessions, Assistance of counsel.
*Practice, Criminal,* Voluntariness of statement, Attorney's fees, Costs.
*Evidence,* Admissions and confessions.

In a criminal case, the judge correctly granted the defendant's motion to
suppress the admissions he made in response to a police officer's com-
ment that was impermissibly designed to elicit an incriminating response
after the defendant had invoked his right to counsel. [427-429]

INDICTMENT found and returned in the Superior Court
Department on August 26, 1994.

A motion to suppress evidence was heard by *Judd J. Car-
hart,* J.

An application for an interlocutory appeal was allowed by
*Ruth I. Abrams,* J., in the Supreme Judicial Court for the
county of Suffolk, and the appeal was reported by her to the
Appeals Court.

*Shaun S. McLean,* Assistant District Attorney, for the
Commonwealth.

*Joel D. Castleman* for the defendant.

FLANNERY, J. The Commonwealth appeals from a Superior
Court judge's allowance of the defendant's motion to sup-
press from evidence a statement that he made while he was in
police custody. We affirm the suppression ruling.

Both parties have adopted the judge's detailed findings,
which he made following an evidentiary hearing on the mo-
tion, and so do we. We shall supplement his findings in minor
respects from the record of the hearing. The judge found as
follows.

"On August 16, 1994, the Defendant was contacted by

members of the Massachusetts State Police assigned to the Northwestern District Attorney's Office. He was asked to come to the District Attorney's Office to speak with the police. At approximately 5:30 P.M., the Defendant and his wife arrived at the District Attorney's Office. Trooper Habel and Sergeant VonFlatern asked the Defendant's wife to wait while they spoke with her husband. The Defendant accompanied the officers to an interview room. In the interview room, the Defendant was advised of his [M]iranda rights and signed a form acknowledging that he understood those rights. The Defendant then again signed the form indicating that he wished to waive his rights. The police then advised the Defendant that they had information that he had raped his daughter, [Jane (a pseudonym)]. The Defendant denied the allegations. The police then informed the Defendant that they also had information that he had sexually abused his older daughter. Sergeant VonFlatern then asked the Defendant whether [Jane] was the 'only one.' The defendant stated 'yes.' The Defendant then asked to speak to an attorney. Once this request was made, the interrogation stopped. The Defendant tried to reach an attorney, but there was no answer at the number he called. The Defendant was then arrested and booked.

"The Defendant was then to be taken to the Franklin County House of Correction to await arraignment the next day. The Defendant had never been arrested and was nervous. While awaiting transportation and still in the District Attorney's Office, the Defendant asked Sergeant VonFlatern if he was going to the House of Correction. He was told that he was. The Defendant then stated that he knew that he did not rape his daughter. Sergeant VonFlatern replied as follows: 'I will tell you one thing, but this is not meant to be a question. Rape is not always what people think and things like oral sex are rape.' The Defendant then replied, 'Well I don't know where I go from here, because if that's considered rape then I guess I'm guilty.' "

The defendant moved to suppress only the statements that

he made after he invoked his right to counsel. Holding that Sergeant VonFlatern's unsolicited definition of rape was impermissible further interrogation, the judge allowed the motion. The Commonwealth urges on appeal that the judge's suppression ruling was error because VonFlatern's statement was not interrogation. It was an "attempt to explain the elements of the crime charged, an explanation that was nothing more than a humane attempt to dispel any confusion that might exist concerning the charge." The Commonwealth does not argue that VonFlatern's statement was a question invited or permitted by the defendant's assertion.

*Edwards* v. *Arizona*, 451 U.S. 477 (1981), teaches that, once a prospective defendant invokes his right to counsel, further interrogation without counsel is impermissible unless the defendant thereafter "initiates further communication, exchanges, or conversations with the police." *Id.* at 484-485. See *Commonwealth* v. *D'Entremont*, 36 Mass. App. Ct. 474, 478 (1994); 1 LaFave & Israel, Criminal Procedure § 6.9, at 538 (1984). The police may ask routine booking questions, but not about the crime that is under investigation. If the defendant initiates further conversation about the subject matter of the investigation, the police may interrogate further, but they may not construe unrelated questions by the defendant as indicative of a change of position on his part. *Oregon* v. *Bradshaw*, 462 U.S. 1039, 1044-1045 (1983). Further statements by a defendant that are not the product of impermissible further interrogation need not be suppressed. *Rhode Island* v. *Innis*, 446 U.S. 291 (1980); *Commonwealth* v. *Brant*, 380 Mass. 876, cert. denied, 449 U.S. 1004 (1980); *Commonwealth* v. *Chipman*, 418 Mass. 262, 272-273 (1994). Finally, in order to use a defendant's statement to the police, the Commonwealth must prove voluntariness beyond a reasonable doubt. See *Commonwealth* v. *Berg*, 37 Mass. App. Ct. 200, 203 (1994).

As noted, the Commonwealth does not suggest that the defendant invited further interrogation, so we focus on whether Sergeant VonFlatern's explanation of rape was a question or its functional equivalent, i.e., whether an objective observer would infer that it was designed to elicit an incriminating response. See *Commonwealth* v. *D'Entremont*, 36 Mass. App. Ct. at 479; Smith, Criminal Practice and Procedure § 341 (2d. ed. 1983 & Supp. 1996). The judge here found that it

was so intended, but while we accord his findings and conclusions substantial deference, his "ultimate findings and conclusions of law, especially those of constitutional dimensions, are open to independent review on appeal." See *Commonwealth v. Selby*, 420 Mass. 656, 657 (1995).

The following undisputed facts provide the context for the crucial exchange. Sergeant VonFlatern had conducted several hundred interviews during his twelve-plus years as a State trooper. The defendant, forty-seven, had not been in jail or arrested previously. After the defendant received his Miranda warnings and agreed to be interviewed, Trooper Habel and Sergeant VonFlatern questioned him about alleged sexual misconduct with his daughter or daughters. After about twelve to fifteen minutes, just after the defendant denied "molesting [Jane]," VonFlatern asked "if she's the only one." At that point, according to VonFlatern, the defendant said, "yeah," and asked to speak to his lawyer.

Later, after speaking with his wife, who had accompanied him to the district attorney's office, and trying unsuccessfully to call a lawyer, the defendant was formally arrested and booked. He asked if he would be taken to the house of correction, and he was told that he would be. Then VonFlatern, in order to appraise the defendant's mental state, asked if he had ever been in jail before. The defendant said, "no," and added, "I know I didn't rape my daughter." Then, according to VonFlatern: "I hesitated for a moment, and I said to him that, 'I didn't want him to take this as a question, but that the definition of rape is not always what people think it is, and that things like oral sex are also rape.' " The defendant then made the incriminating admission that the judge ordered suppressed.

The defendant's assertion was not a question, but VonFlatern evidently believed that some responsive comment or rejoinder was called for. With a nod toward *Edwards* ("don't take this as a question"), he gave the defendant a significant and possibly provocative piece of information. Would an objective observer infer that VonFlatern's comment was designed to elicit an incriminating response? Put differently, was it a question about the crime?

The judge found that it was: "The officer's response to the exculpatory statement, though not posed as a question, certainly invited a response since it disputed the Defendant's denial that he raped his daughter."

We agree and add the following observations. The principle of *Edwards* v. *Arizona, supra,* has been called a "bright line" and "prophylactic" rule. *United States* v. *Browne,* 891 F.2d 389, 394-395 (1st Cir. 1989). But this safeguard will be neither clear nor protective if its applicability comes to depend upon case-by-case nuanced judgments of police officers. Moreover, there is often the possibility that a successful circumvention of the principle will yield something useful, and that temptation is corrupting. Therefore, the correct rule, we think, is that, when a suspect in custody asks for a lawyer, discussion of the charge should cease unless that suspect changes his mind, either in so many words or by conduct clearly to that effect.

The defendant has moved for "his costs of appeal together with reasonable attorney's fees" pursuant to Mass.R.Crim.P. 15(d), as amended, 420 Mass. 1501 (1995). The motion is allowed in the amount of $2,830.35, $2,781.25 in fees[1] and $49.10 in costs; the trial court shall enter an order to that effect.

*Order allowing motion to suppress affirmed.*

---

[1]The defendant may submit a supplemental affidavit setting forth his attorney's fees for the appellate argument as those fees had not yet been incurred when the original affidavit was prepared.