## COMMONWEALTH *vs.* EDWARD MITCHELL.

No. 97-P-2076.

Hampden. March 18, 1999. - June 24, 1999.

Present: WARNER, C.J., SMITH, & GILLERMAN, JJ.

*Controlled Substances. Practice, Criminal,* Admissions and confessions, Instructions to jury, Assistance of counsel, Required finding. *Constitutional Law,* Admissions and confessions, Assistance of counsel. *Evidence,* Admissions and confessions, Expert opinion, Qualification of expert witness. *Witness,* Expert.

A criminal defendant's statements to police were properly admitted in evidence, where the judge hearing the motion to suppress evidence correctly concluded that the defendant's first statement was a spontaneous utterance, and that his second statement in response to an officer's comment was not the product of a custodial interrogation; in any event, the defendant voluntarily had waived his Miranda rights before making the second inculpatory statement. [179-181]

Where the evidence at the trial of indictments for unlawful possession of cocaine with intent to distribute did not warrant an instruction to the jury on simple (joint) possession of the cocaine, defense counsel did not provide ineffective assistance by failing to request such an instruction. [181-182]

Evidence at a criminal trial permitted an inference that the defendant intended to distribute the cocaine in his possession and warranted the judge's denial of the defendant's motion for a required finding of not guilty [182-183], and defense counsel did not provide ineffective assistance by failing to have renewed the motion at the close of all the evidence [183].

At a criminal trial, the judge did not abuse his discretion in qualifying a police officer to provide expert testimony regarding crack cocaine use and related paraphernalia. [183-184]

INDICTMENTS found and returned in the Superior Court Department on January 3, 1996.

The cases were tried before *Judd J. Carhart,* J.

*Colleen Currie* for the defendant.

*Deborah Ahlstrom,* Assistant District Attorney, for the Commonwealth.

WARNER, C.J. A Superior Court jury found the defendant guilty of unlawful possession of cocaine with intent to distribute and unlawful possession of cocaine with intent to distribute within one thousand feet of a school. On appeal, he contends that (1) the judge erroneously admitted a hearsay statement in evidence; (2) he received ineffective assistance of counsel; (3) the evidence was insufficient to establish an intent to distribute; and (4) a witness was not qualified to testify as an expert.

The jury could have found the following facts beyond a reasonable doubt. On December 5, 1995, Springfield police officers Shaver and Cogan observed the defendant, Edward Mitchell, who was standing with a group of men, motion to a passing motor vehicle by raising his hand. When the vehicle pulled over to the side of the street, the defendant went over to it, leaned in, and conversed with the driver.

As the officers approached the scene, someone yelled that the police were nearby. The vehicle then drove away, and the group of men began to disperse. However, when Officer Cogan asked the men to stop, they complied and returned to the cruiser. The defendant fled the scene after Officer Cogan noticed part of a cellophane bag protruding from the defendant's hand. Officer Shaver pursued the defendant until he stopped, said, "Okay here, you got me," and handed the officer a bag containing seven individually wrapped pieces of cocaine.

Officer Shaver handcuffed the defendant, brought him back to the cruiser, read him his Miranda rights from a Miranda card and asked the defendant if he understood these rights. The defendant answered in the affirmative. As the officers transported the defendant to the police station, Officer Cogan stated, "[t]ough luck getting locked up this close to Christmas." The defendant then stated, "I was just trying to make some money for Christmas. I got no job." Officer Shaver immediately readvised the defendant of his Miranda rights.

At trial, the defendant testified that he and his friend had pooled their money in order to purchase ninety-five dollars' worth of cocaine for their personal use, but actually bought seven rocks for seventy dollars from a drug dealer he frequented.[1]

1. *Miranda warnings.* At a voir dire hearing concerning the defendant's incriminating statements, defense counsel conceded

---

[1] The defendant had twenty-five dollars in cash on his person.

that the defendant's first statement, "you got me," was a spontaneous utterance. With regard to the defendant's second statement ("I was just trying to make some money for Christmas. I got no job"), however, the judge determined that Officer Cogan's comment that it was unfortunate to be "locked up" so close to the holiday was not tantamount to a custodial interrogation, and, even if it were, the defendant's statement was admissible because he voluntarily waived his Miranda rights after having been advised of those rights.

The defendant argues that the judge's ruling with respect to this second statement was erroneous because a custodial interrogation occurred as the officer's comment was likely to elicit an incriminating response. The defendant further argues that because Officer Shaver could not recall the specific rights he had recited, and did not introduce the Miranda card in evidence, the Commonwealth failed adequately to prove that he understood his Miranda rights and waived them.

"In reviewing the judge's decision, we 'give[] substantial deference to the judge's ultimate findings and conclusions of law, but independently review[] the correctness of the judge's application of constitutional principles to the facts found.' " *Commonwealth* v. *Morse*, 427 Mass. 117, 122 (1998), quoting from *Commonwealth* v. *Magee*, 423 Mass. 381, 384 (1996). See *Commonwealth* v. *Chadwick*, 40 Mass. App. Ct. 425, 428 (1996).

The first question is whether the officer's comment constituted a custodial interrogation. Because there is no question that the defendant was in custody, in order to make this determination, we must examine whether there was an express question or its functional equivalent, i.e., "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Commonwealth* v. *Morse*, 427 Mass. at 123, quoting from *Rhode Island* v. *Innis*, 446 U.S. 291, 301 (1980). See *Commonwealth* v. *Sarourt Nom*, 426 Mass. 152, 157 (1997). This "functional equivalent" test turns on whether the officer's statements and conduct would be perceived as an interrogation by a reasonable person in the same circumstances. See Smith, Criminal Practice and Procedure § 341, at 271 (Supp. 1999); *Commonwealth* v. *Sheriff*, 425 Mass. 186, 198 (1997).

Here, the judge was correct in finding that the officer's state-

ment was an "observation" because it was not specifically directed at the defendant, and would have been interpreted by a reasonable person in this situation as a mere comment upon the defendant's unfortunate circumstances, not calling for any response, let alone an inculpatory one. See *Commonwealth* v. *Sarourt Nom*, 426 Mass. at 157-158 (officer's question simply a request to clarify an inconsistency); *Commonwealth* v. *D'Entremont*, 36 Mass. App. Ct. 474, 478-480 (1994) (no interrogation where officer stated to defendant in prison that although he [the defendant] refused to discuss case without counsel, she [the officer] was available if he changed his mind). Contrast *Commonwealth* v. *Chadwick*, 40 Mass. App. Ct. at 428-429 (officer's comment invited a response from the defendant because it disputed defendant's denial of the crime).

Furthermore, although the Miranda card from which the officer read the warnings should have been admitted in evidence, see *Commonwealth* v. *Ayala*, 29 Mass. App. Ct. 592, 596 (1990), the judge's finding was supported by the evidence. It was inconsequential that Officer Shaver could not recall the exact rights he recited in light of the fact that he testified that he read the rights from a Miranda card and that the defendant specifically indicated that he understood his rights. Additionally, Officer Cogan testified that the defendant had been advised of his Miranda rights. Thus, the defendant's statement was properly admitted in evidence.

2. *Ineffective assistance of counsel.* Although the judge's instructions included a lesser-included offense of unlawful possession, the defendant argues that trial counsel should have requested a joint acquisition instruction stating that the circumstances indicated simple joint possession, not possession with intent to distribute, see *Commonwealth* v. *Johnson*, 413 Mass. 598, 604 (1992), because the drugs in the defendant's possession were bought for personal consumption with pooled money from a friend. The defendant claims that trial counsel's failure to do so constituted ineffective assistance of counsel.

A simple joint possession instruction is limited to situations "[w]here two or more persons simultaneously and jointly acquire possession of a drug for their own use intending only to share it together." *Commonwealth* v. *Johnson*, 413 Mass. at 604. The evidence here demonstrates that there was no simultaneous acquisition because it was the defendant alone who actively participated in the drug purchase. The defendant

had both money and drugs in his possession. Moreover, the defendant himself testified that although his friend gave him money to purchase drugs, and subsequently accompanied him on this endeavor, it was he who engaged in the drug transaction. Thus, a *Johnson* instruction was not warranted under the circumstances and trial counsel was not ineffective. See *Commonwealth* v. *DePalma*, 41 Mass. App. Ct. 798, 804 (1996) (no *Johnson* instruction necessary where defendant was active in purchasing drugs by giving dealer money, selecting specific drugs for purchase, and cutting packaging to examine drugs).

3. *Sufficiency of evidence.* At the close of the Commonwealth's case, trial counsel's motion for a required finding of not guilty was denied. Trial counsel failed to renew this motion at the close of all the evidence. The defendant, conceding that simple possession was adequately demonstrated, argues that the evidence was insufficient to prove an intention to distribute the drugs. Additionally, the defendant makes an ineffective assistance of counsel claim arising from trial counsel's failure to renew the motion for a required finding of not guilty.

To resolve the issue of whether the denial of the motion for a required finding of not guilty was erroneous, we must determine whether, after viewing the evidence in the light most favorable to the Commonwealth, any rational trier of fact could have found the defendant guilty of possession of cocaine with the intent to distribute. *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979). An intent to distribute "is a matter of fact, which may not be susceptible of proof by direct evidence. In that event resort must be had . . . by inference from all the facts and circumstances developed at the trial." *Commonwealth* v. *Rivera*, 425 Mass. 633, 648 (1997), quoting from *Commonwealth* v. *Ellis*, 356 Mass. 574, 578-579 (1970).

The evidence here permitted an inference that the defendant intended to distribute the drugs. The defendant motioned toward a passing vehicle, approached it, and leaned in the window to talk with the occupant until he received a warning that the police were coming. The defendant possessed seven individually wrapped pieces of cocaine, worth ten dollars per piece, but did not possess any drug paraphernalia consistent with personal use. While each of these factors standing alone may not be enough to support a conviction, when combined and added to the defendant's admission of his intent to distribute ("I was just trying to make some money for Christmas"), they are sufficient

to warrant a finding that the defendant possessed cocaine for more than his personal use. See *Commonwealth* v. *Rivera,* 425 Mass. at 648-649; *Commonwealth* v. *Pena,* 40 Mass. App. Ct. 905, 905-906 (1996).

Lastly, because the judge would have denied the motion for a required finding of not guilty, the defendant was not harmed by trial counsel's failure to file the motion. See *Commonwealth* v. *Purinton,* 32 Mass. App. Ct. 640, 642-644 (1992). See also *Commonwealth* v. *Gaeten,* 15 Mass. App. Ct. 524, 533 (1983) (counsel not ineffective in failing to make a motion for a required finding of not guilty where record demonstrates little likelihood that it would have succeeded).

4. *Expert testimony.* The defendant asserts that Officer Shaver was too inexperienced as a narcotics investigator to provide expert testimony explaining how crack cocaine is used and describing the paraphernalia for such use.[2]

"Knowledge as to . . . different instrumentalities used to administer narcotics, as they relate to possession and possession with intent to distribute, is not within the realm of common experience." *Commonwealth* v. *Cordero,* 34 Mass. App. Ct. 923, 924 (1993). Therefore, this is a proper subject for expert testimony. *Id.* at 923-924. Moreover, it is commonplace for narcotics investigators to provide expert testimony in drug cases. *Commonwealth* v. *Johnson,* 413 Mass. at 604. *Commonwealth* v. *Dennis,* 33 Mass. App. Ct. 666, 669 (1992), *S.C.,* 416 Mass. 1001 (1993). *Commonwealth* v. *Cordero,* 34 Mass. App. Ct. at

---

[2]The testimony went as follows:

PROSECUTOR: "How does a crack cocaine user use crack cocaine?"

DEFENSE COUNSEL: "Objection."

THE COURT: "Overruled."

DEFENSE COUNSEL: "For the record, it's an expert opinion."

THE COURT: "Overruled."

WITNESS: "Usually a user would have drug paraphernalia on him. What they use is a metal pipe called a straight shooter."

PROSECUTOR: "How is it used?"

WITNESS: "They burn the crack rock on top of it, and then smoke it through the pipe, and they stuff it with cotton and make somewhat of a filter. And then they also use a nip bottle which they put a hole in the top, insert a type pipe, and smoke it that way."

PROSECUTOR: "Can you use crack cocaine without some instrument?"

WITNESS: "Crack cocaine is smoked; it's usually smoked. You need the help of an instrument or paraphernalia."

924. "The admission of such evidence is largely within the discretion of the judge, whose ruling will be reversed only where the admission constitutes an abuse of discretion or error of law." *Commonwealth* v. *Johnson*, 413 Mass. at 604.

Here, there was no error. Although the police officer was relatively new to his position, he had completed eighteen weeks of training at the police academy six months prior to the defendant's arrest. Furthermore, he had gained experience with drug users during his tenure as a Springfield police officer. Finally, he had made twenty-five to thirty narcotics arrests. See *Commonwealth* v. *Richardson*, 423 Mass. 180, 183 (1996) (witness qualified as expert if sufficiently educated, trained, experienced, and familiar with subject matter of testimony). Thus, the judge did not abuse his discretion by allowing the police officer to testify as he did.

*Judgments affirmed.*