COMMONWEALTH *vs.* JOSE LARA (and a companion case[1]). No. 02-P-156. August 1, 2003. *Controlled Substances. Practice, Criminal,* Instructions to jury. *Joint Enterprise.*

The defendants challenge the sufficiency of the evidence to convict them of trafficking in cocaine, a Class B controlled substance. They also raise other issues on appeal, which we treat briefly.

*Sufficiency of the evidence.* The trial judge denied the defendants' motions for required findings of not guilty, which we review by determining "whether the evidence, considered in the light most favorable to the Commonwealth, was sufficient to satisfy a reasonable jury of each element" of the crime charged. *Commonwealth* v. *Martino*, 412 Mass. 267, 271-272 (1992). The evidence included the following. The drugs in question were found by police buried under an inch of snow at the base of a pine tree in the Arnold Arboretum. Leading to the tree was a single set of footprints. The police had observed defendant Peredes, whom they had under surveillance, walk toward that tree moments before the drugs were uncovered. The police testified that the footprints matched new footprints Peredes made while accompanying the police back to the tree.

Prior to walking toward the tree, Peredes had been observed leaving 50 Archdale Road with the codefendant Lara. Lara and Peredes made a journey, Lara partly by automobile and Peredes on foot, by a circuitous route from 50 Archdale Road to the Arboretum. The evidence permitted a reasonable inference that Lara was acting as a lookout and providing supervision over the actions of Peredes, and that the conduct of Peredes was consistent with making a quick dash to hide something at the tree, with the supervision and assistance of Lara.

The expert testimony offered by the Commonwealth permitted the jury to interpret the events described in the evidence as the hiding of a stash of drugs in a location that was convenient but deniable in order to facilitate the sale and distribution of the drugs via a delivery service operation.

The evidence was sufficient to support the jury's inferring initial actual possession by Peredes, constructive possession by both defendants, and joint

---

[1]Commonwealth *vs.* Juan Peredes.

venture as to both. These inferences are both reasonable and possible; they need not be necessary or inescapable. *Commonwealth* v. *Merrick*, 255 Mass. 510, 514 (1926). *Commonwealth* v. *DePalma*, 41 Mass. App. Ct. 798, 801 (1996). See *Commonwealth* v. *Martino*, 412 Mass. at 272, quoting from *Commonwealth* v. *Wilborne*, 382 Mass. 241, 245 (1981), quoting from *Commonwealth* v. *Amazeen*, 375 Mass. 73, 81 (1978) (" 'To the extent that conflicting inferences are possible from the evidence, "it is for the jury to determine where the truth lies." ' The defendant[s'] arguments are in substance directed toward the weight and credibility of the evidence, a matter wholly within the province of the jury").

There were several aspects of the evidence which permitted the conclusion that Lara was not merely present with knowledge that Peredes was stashing drugs. There were five specific circumstances that can be weighted as "plus" factors, "i.e., incriminating evidence of something other than presence." *Commonwealth* v. *Velasquez*, 48 Mass. App. Ct. 147, 149 (1999). See *Commonwealth* v. *Albano*, 373 Mass. 132, 134-135 (1977); *Commonwealth* v. *Brzezinski*, 405 Mass. 401, 410 (1989). See also *United States* v. *Birmley*, 529 F.2d 103, 108 (6th Cir. 1976). These are (1) Lara departing 50 Archdale Road with Peredes; (2) Lara's unusual car ride, slowly trailing behind as Peredes walked from 50 Archdale Road to the Arboretum; (3) Lara meeting up, talking, and walking with Peredes in the Arboretum; (4) Lara standing on high ground and surveilling the Arboretum while Peredes stashed the drugs behind the pine tree; and (5) Lara meeting up, walking, and conversing again with Peredes after the drugs were stashed.

Of the "plus factors," numbers two, four, and five have "significant persuasive force that [Lara] was more than an observer." *Commonwealth* v. *Maillet*, 54 Mass. App. Ct. 910, 911 (2002). While Lara's going to the Arboretum and meeting up with Peredes again after the drugs were stashed parallels the factors found insufficient in *Commonwealth* v. *McKay*, 50 Mass. App. Ct. 604 (2000), the unusual nature of Lara's car ride and active surveillance from high ground tip the scales here; the jury had evidence sufficient reasonably to infer Lara's agreement to participate and take meaningful action in the venture. Compare *id.* at 609, citing *Commonwealth* v. *Mendes*, 46 Mass. App. Ct. 581 (1999). In the instant case, with the plus factors we have enumerated, "there was sufficient evidence that the defendant actively participated as a lookout to take the case to the jury." *Commonwealth* v. *McKay, supra* at 610 (Brown, J., dissenting).

*Other issues.* The judge was not required to give an instruction to the effect that the failure of the police to conduct more tests of the footprints could be used by the jury to cast reasonable doubt on the identity of Peredes as the person who visited the pine tree. The defendants adequately developed that argument at trial. Accordingly, while the absence of this evidence was a permissible foundation on which to build a defense and it could raise a reasonable doubt in the minds of the jurors, and even though it would have been improper for the judge to remove this (lack of) evidence from the jury's consideration, *Commonwealth* v. *Bowden*, 379 Mass. 472, 486 (1980), it does not follow that the judge had to emphasize this part of the defendants' argument in the jury instructions.

The judge's instruction on joint venture was correct and sufficient. There was no need to give the requested instruction in exact detail.

The weight to be given to the testimony of the police was properly left to the jury.

*Judgments affirmed.*

*Joseph Waldbaum* for Jose Lara.

*Tonia A. Guarino* for Juan Peredes.

*Keri Dee Rudolph*, Assistant District Attorney, for the Commonwealth.