COMMONWEALTH *VS.* ELIUD FERRER.

No. 06-P-383.

Suffolk. January 18, 2007. - March 30, 2007.

Present: DUFFLY, CYPHER, & GRAINGER, JJ.

*Practice, Criminal,* Admissions and confessions, Voluntariness of statement. *Evidence,* Admissions and confessions, Voluntariness of statement. *Constitutional Law,* Admissions and confessions. *Firearms.*

A trial court judge properly admitted in evidence incriminating statements made by the defendant to a police officer while waiting to be booked, where the defendant's statements were made during an exchange initiated by the defendant spontaneously and voluntarily, and where the police officer's responses were responsive to the subject raised by the defendant and were not reasonably likely to elicit the further incriminating remarks that followed. [545-547]

Evidence presented by the Commonwealth at a criminal trial, taken as a whole, was sufficient to support the defendant's conviction of possession of a firearm with a defaced serial number. [547-548]

INDICTMENTS found and returned in the Superior Court Department on May 9, 2002.

The cases were tried before *Elizabeth B. Donovan,* J.

*Stella Robinson* for the defendant.

*Nicole Dana (Christina E. Miller,* Assistant District Attorney, with her) for the Commonwealth.

GRAINGER, J. The defendant was convicted by a jury of unlicensed possession of a firearm in violation of G. L. c. 269, § 10(*a*); possession of ammunition without an identification card in violation of G. L. c. 269, § 10(*h*); and receiving a firearm with knowledge that the identification number had been defaced in violation of G. L. c. 269, § 11C.[1] He appeals from the judge's denial of his motions in limine seeking to exclude

[1]Following his convictions the defendant pleaded guilty as an armed career criminal in violation of G. L. c. 269, § 10G.

incriminating statements made while in custody without the benefit of Miranda warnings,[2] and for a required finding of not guilty on the charge of possessing a firearm with a defaced serial number. We affirm.

*Background.* The jury could have found the following facts. At around 7:50 P.M. on February 21, 2002, Boston police officers, who were patrolling in an unmarked vehicle with a State trooper, noticed a group of five men underneath a "No Trespassing" sign in the parking lot of a closed gasoline station. The police officers drove over to the men, and Officer Thomas Pratt and State Trooper Derek Outerbridge got out of the vehicle. Either before or immediately after the officers left the vehicle and walked toward the men, the men ran off. Four men ran toward Washington Street, while the fifth, later identified as the defendant, fled toward Shawmut Avenue.

Officer Lawrence Celester, driving a Boston police department transport wagon, responded to the call regarding the foot chase. Exiting his vehicle, Officer Celester noticed the defendant running and told him, "Stop, police!" The defendant complied. The officer found no weapons on the defendant's person, and the defendant was placed under arrest for trespassing. Because he was driving the transport wagon, Officer Celester took the defendant to the station to await booking on the trespassing charges.

While Officer Celester was waiting for the arresting officers to book the defendant, the defendant suddenly blurted out, "Your boys are dumb. They could have me for seven or eight years instead of this trespassing bullshit." Officer Celester responded, "They are pretty smart and they are good at what they do." The defendant then said, "They'll never find it. You're just wasting my time. I could be out doing sticks." At this time, no firearm had been recovered, and the defendant had not yet been given Miranda warnings.

*Discussion.* 1. *The admission in evidence of the defendant's incriminating statements.* "Miranda warnings are only necessary where one is the subject of 'custody and official interrogation.' " *Commonwealth* v. *Larkin,* 429 Mass. 426, 432 (1999), quoting

---

[2]He also moved orally during trial to exclude the statements as violating his Miranda rights.

from *Illinois* v. *Perkins*, 496 U.S. 292, 297 (1990). "[T]he Supreme Court of the United States has defined interrogation as 'express questioning or its functional equivalent.' " *Id.* at 431 n.4, quoting from *Rhode Island* v. *Innis*, 446 U.S. 291, 300-301 (1980). The "functional equivalent" of express questioning includes "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Commonwealth* v. *Torres*, 424 Mass. 792, 797 (1997), quoting from *Rhode Island* v. *Innis*, *supra* at 301. The test is "whether an objective observer would infer that [the police conduct] was designed to elicit an incriminating response." *Commonwealth* v. *Chadwick*, 40 Mass. App. Ct. 425, 427 (1996). The functional equivalent of interrogation "does not turn on the subjective intent of the particular police officer but on an objective assessment as to whether the police statements and conduct would be perceived as interrogation by a reasonable person in the same circumstances." *Commonwealth* v. *Torres*, *supra* at 797, quoting from *United States* v. *Taylor*, 985 F.2d 3, 7 (1st Cir.), cert. denied, 508 U.S. 944 (1993). A statement made spontaneously, and not in response to statements that would be perceived as interrogation, is not subject to suppression. "Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence." *Commonwealth* v. *Chipman*, 418 Mass. 262, 272-273 (1994), quoting from *Miranda* v. *Arizona*, 384 U.S. 436, 478 (1966).

As an initial matter, we address the standard of review. "The denial of a motion to suppress evidence on constitutional grounds . . . is reviewable without further objection at trial." *Commonwealth* v. *Whelton*, 428 Mass. 24, 25-26 (1998).[3] We review the denial of the motion to ascertain whether there was error and, if so, whether it was harmless beyond a reasonable doubt. *Commonwealth* v. *Rosario*, 430 Mass. 505, 511 (1999).

The exchange of remarks between Officer Celester and the

---

[3]Although the defendant captioned his motion as a motion in limine (suggesting an evidentiary objection which does not rise to a constitutional level and therefore would require further objection at trial to qualify as preserved error), we look to substance rather than nomenclature. See *Commonwealth* v. *Martin*, 447 Mass. 274, 278-279 (2006).

defendant cannot properly be characterized as custodial interrogation. The exchange was initiated by the defendant spontaneously and voluntarily. The officer's reply was responsive purely to the subject raised by the defendant (the abilities and intelligence of the police officers who first approached the group he was with) and was not reasonably likely to elicit the further incriminating remarks that followed. *Commonwealth* v. *Torres*, *supra* at 797. We do not view the officer's statements as ones that could objectively be perceived as an interrogation. *Id.* at 796-797. The officer's remark was "a natural reflex invited by the defendant's comments," which had impugned the abilities of his fellow officers. *Commonwealth* v. *Gittens*, 55 Mass. App. Ct. 148, 150 (2002). See *Commonwealth* v. *Diaz*, 422 Mass. 269, 271 (1996). There was no error; the statements were properly admitted by the judge.[4]

2. *The denial of the defendant's motion for a required finding of not guilty of possession of a firearm with a defaced serial number.* The defendant contests the sufficiency of the evidence that he knew about the gun and, in any event, that he knew the serial number had been defaced. We view the evidence in the light most favorable to the Commonwealth to determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (emphasis in original). *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979), quoting from *Jackson* v. *Virginia*, 443 U.S. 307, 319 (1979).

The Commonwealth presented evidence that the gun was found in some old tires in a corner near the back area of the garage, an area into which the defendant had fled but his companions had not, and that the ground under the gun was wet from a recent rainfall while the gun itself was dry. As noted above, there was evidence (which we have deemed properly

---

[4]There is also no merit to the defendant's argument that the judge nevertheless erred by admitting the statement that he "could be doing sticks," because it was more prejudicial than probative. The judge was well within the exercise of her discretion in admitting a statement that was highly probative of the defendant's intent and ability to exercise dominion over the gun, was not the subject of a properly preserved objection, and was admitted subject to the exclusion of any evidence explaining the colloquial use of "sticks" to mean armed robberies.

admitted) that the defendant knew about the gun and intended to use it. Finally, the Commonwealth presented evidence, including the gun itself, that the serial number had been defaced. The evidence taken as a whole was sufficient to support a guilty verdict. See *Commonwealth* v. *Grant*, 57 Mass. App. Ct. 334, 341 (2003); *Commonwealth* v. *Rupp*, 57 Mass. App. Ct. 377, 385-386 (2003).[5]

*Judgments affirmed.*

---

[5]The defendant argues that G. L. c. 269, § 11C, is violative of his Fifth Amendment right not to incriminate himself by creating a rebuttable presumption that "possession or control of a firearm" with a defaced serial number "shall be prima facie evidence that the person having such possession or control is guilty." However, the Supreme Judicial Court has concluded that this language creates a permissible inference rather than a mandatory finding and "does not involve lowering the Commonwealth's substantive burden of proof . . . ." *Commonwealth* v. *Maloney*, 447 Mass. 577, 590 (2006). The judge properly instructed the jury that "the Commonwealth must prove that the defendant had knowledge, that he knew that the serial number or identification number was removed, defaced . . . ," and that "the Commonwealth must prove beyond a reasonable doubt . . . that the defendant knew that that serial number or identification number was removed, defaced . . . ."