Following a bifurcated, jury-waived trial, a Superior Court judge found the defendant guilty of two counts of possession with the intent to distribute heroin, second and subsequent offense. G. L. c. 94C, § 32 (b ).[2] The judge acquitted the defendant of two counts of heroin trafficking, G. L. c. 94C, § 32E (c ), and conspiracy to violate the Controlled Substances Act, G. L. c. 94C, § 40. On appeal, the defendant argues that there was insufficient evidence that he constructively possessed heroin, or acted as a joint venturer. We affirm.[3]
Discussion. Standard of review. When reviewing a sufficiency claim, we consider whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the subject crime beyond a reasonable doubt. Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). Moreover, we note that the Commonwealth may establish guilt through circumstantial evidence "and that the inferences a [fact finder] may draw from the evidence need only be reasonable and possible and need not be necessary or inescapable" (quotation and citation omitted). Commonwealth v. Linton, 456 Mass. 534, 544 (2010).
a. Constructive possession. General Laws c. 94C, § 32, prohibits "knowingly ... possess[ing]" a "controlled substance" "with [the] intent to ... distribute" that substance. Given that the officers found no narcotics on the defendant's person, "the first issue before us is whether the defendant constructively possessed" the heroin. Commonwealth v. Montalvo, 76 Mass. App. Ct. 319, 323 (2010). To prove constructive possession of a controlled substance, the Commonwealth must demonstrate "beyond a reasonable doubt that the defendant had knowledge of the contraband, coupled with the ability and intention to exercise dominion and control over it." Commonwealth v. Humphries, 76 Mass. App. Ct. 702, 704 (2010). Although "presence in an area where contraband is found" does not conclusively prove constructive possession, "presence, supplemented by other incriminating evidence, will serve to tip the scale in favor of sufficiency" (quotation and citation omitted). Commonwealth v. Gonzalez, 452 Mass. 142, 146-147 (2008). Notably, "presence in a room with ... large quantities of drugs and cash ... in plain view" may suggest "close[ ] involve[ment] in the illegal drug sales conducted" from that room. Id. at 147.
Here, there was sufficient evidence for the judge to conclude that the defendant constructively possessed the narcotics. The indictments arose from a series of suspected drug transactions involving the defendant and John Antrim, Jr., which took place in front of Antrim's family home in Centerville. Officers searched the house, to and from which the defendant and Antrim returned and emerged after each suspected hand-to-hand drug transaction. During that search, officers discovered over 200 grams of heroin and accoutrements required to sell heroin, along with more than $ 6,000 in cash.[4] Although the defendant was not a resident of the house,[5] his presence in the house, along with the quantity of narcotics, related paraphernalia, and cash found in the house, permitted the inference that the defendant was "closely involved in the illegal drug sales." Id. at 147.[6]
b. Aiding and abetting (joint venture). To prove that the defendant aided and abetted in the commission of a crime (or participated as part of a joint venture[7] ), the Commonwealth must prove beyond a reasonable doubt that the defendant "knowingly participated in the commission of the crime charged, alone or with others, with the intent required for that offense." Commonwealth v. Zanetti, 454 Mass. 449, 466 (2009). "There is no requirement that the Commonwealth prove precisely what role the defendant played -- whether he acted as a principal or an accomplice (or joint venturer). Rather, as Zanetti reflects, what matters is only that there be proof of (1) the defendant's knowing participation in some manner in the commission of the offense; and (2) the defendant's intent -- i.e., proof that the defendant had or shared in the intent necessary for the offense of which he is convicted." Commonwealth v. Silva, 471 Mass. 610, 621 (2015).
A defendant's presence at the scene of the crime, or association with the perpetrator of the crime, do not by themselves sufficiently demonstrate a joint venture. See Commonwealth v. Caswell, 85 Mass. App. Ct. 463, 472 (2014) ; Commonwealth v. McKay, 50 Mass. App. Ct. 604, 609 (2000). The Commonwealth must introduce "additional evidence which implicates the defendant in the crime" (quotation and citation omitted). Commonwealth v. Sepheus, 468 Mass. 160, 167 (2014). This "additional evidence" may include proof that codefendants acted in a "coordinated fashion," Commonwealth v. McCray, 93 Mass. App. Ct. 835, 843 (2018), or that the defendant "agree[d] to stand by at, or near, the scene of the crime ... to provide aid or assistance in committing the crime, or in escaping, if such help bec[ame] necessary" (quotation and citation omitted). Commonwealth v. Simpkins, 470 Mass. 458, 462 (2015). Significantly, "a person who acts as a lookout while others are engaged in a criminal enterprise can be convicted on a joint enterprise theory" (citation omitted). Commonwealth v. Miranda, 441 Mass. 783, 791 (2004). Although merely "looking up and down the street" does not implicate a defendant as a "lookout," additional evidence, such as standing directly behind an individual selling narcotics, walking with a codefendant before and after a narcotics transaction, or interacting with customers buying narcotics, can demonstrate participation in a joint venture to sell narcotics. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 785, 792 ; Commonwealth v. Lara, 58 Mass. App. Ct. 915, 916 (2003) ; Commonwealth v. Ward, 45 Mass. App. Ct. 901, 902-903 (1998).
Here, it was reasonable for the judge to conclude that Antrim and the defendant were engaged in a joint enterprise to sell heroin to occupants of at least two of the vehicles that approached the house.[8] Antrim and the defendant walked in and out of the house together on three separate consecutive occasions when a vehicle stopped at the end of the house's driveway, indicating a "coordinated" effort. McCray, 93 Mass. App. Ct. at 843. See Lara, 58 Mass. App. Ct. at 916. Additionally, during these transactions, the defendant "look[ed] around" and "up and down the street," and stood in close proximity to Antrim[9] as the latter engaged in "hand-to-hand" transactions with the occupants of the three vehicles, suggesting that the defendant was "assist[ing]" Antrim with the transactions by acting as his "lookout." See Simpkins, 470 Mass. at 462 ; Miranda, 441 Mass. at 792. Moreover, following the first three transactions, officers observed the defendant walk alone to an intersection near the house, approach a van that pulled up to the intersection, and engage in what appeared to be a "hand-to-hand transaction" through the van's open driver's side window. Here, the defendant's behavior surpassed mere presence at the crime scene, and moved into active assistance in facilitating the crime. See Caswell, 85 Mass. App. Ct. at 472.
Finally, as suggested above, the heroin and narcotics accoutrements that officers discovered in the house, when viewed alongside the defendant's behavior during the hand-to-hand transactions, provide further "additional evidence which implicates the defendant in the crime" (citation omitted). Sepheus, 468 Mass. at 167. See Miranda, 441 Mass. at 792.
Conclusion. For the reasons discussed above, we affirm the judgments.
So ordered.
affirmed

At the close of the Commonwealth's case, the defendant moved for a required finding of not guilty, which the judge denied.

"[B]ecause the judge's verdict did not reveal whether he relied on the theory of joint venture or constructive possession, the evidence must be sufficient to support both theories." Commonwealth v. Gonzalez, 452 Mass. 142, 146 (2008). See Commonwealth v. Flynn, 420 Mass. 810, 818-819 (1995).

Upon searching the house, officers found a chunk of heroin weighing about 250 grams, four smaller amounts of heroin totaling about 23 grams, multiple cell phones, a digital scale, a box of sandwich bags, and more than $ 6,000 in cash.

According to an officer's testimony, Antrim lived in a bedroom in the "upstairs left side of the house." While the defendant was not a resident of that house, he and Antrim were longtime friends and they were "frequently" seen together.

The large amounts of cash, narcotics, and related paraphernalia could also support an inference that the defendant possessed the heroin with the intent to distribute it. Montalvo, 76 Mass. App. Ct. at 327.

Although the term "joint venture" remains in common parlance, in Commonwealth v. Zanetti, 454 Mass. 449, 467 (2009), the Supreme Judicial Court announced it would "now adopt the language of aiding and abetting rather than joint venture for use in trials that commence after the issuance of the rescript in this case."

The judge found the defendant guilty of two counts of possession with intent to distribute heroin. The bill of particulars shows that these charges relate to the defendant having "provided aid and assistance to John P. Antrim in the possession of ... heroin with an intent to distribute." We focus on the first and third transactions because they readily fall within this description, whereas the second transaction, per Antrim's statement to the police, involved the purchase, rather than the distribution, of heroin. See G. L. c. 94C, § 1 (defining "[d]istribute" as "to deliver other than by administering or dispensing a controlled substance").

During the first two transactions, the defendant stood ten feet away from Antrim; the defendant "was out in the front yard" as the third transaction took place in the street.