Commonwealth *vs.* Roxanne Minor. No. 98-P-147. September 22, 1999. *Controlled Substances. Practice Criminal*, Assistance of counsel.

Edward McDuffee was one of a group gathered at the defendant's apartment to take drugs. He died of an overdose of heroin. The defendant, who was convicted of involuntary manslaughter and heroin distribution, appeals, arguing that the judge erred when he refused to instruct the jury on joint possession (as a lesser alternative to distribution), an instruction warranted where "two or more persons simultaneously and jointly acquire possession of a drug for their own use intending only to share it together." *Commonwealth* v. *Johnson*, 413 Mass. 598, 604 (1992). To be a joint possessor, one must actively and personally participate in the initial procurement of the drugs. See *Commonwealth* v. *DePalma*, 41 Mass. App. Ct. 798, 804 (1996). Here, the jury could not have found McDuffee to be a joint possessor because there was no evidence that he did more than contribute to a pool of money with which the defendant effected the purchase. See *Commonwealth* v. *Mitchell*, *ante* 178, 181-182 (1999), which controls this case. There was no evidence that McDuffee was actively involved in the buy itself such as by negotiating with Jose (the supplier), paying him the money, or examining or sampling the drugs. See *Commonwealth* v. *DePalma*, *supra*. The motion for a new trial was properly denied. Counsel was not ineffective for failing to present the

testimony that the defendant argues should have been presented, because even with that evidence the joint possession theory was not "an otherwise available, substantial ground of defence." *Commonwealth v. Saferian*, 366 Mass. 89, 96 (1974).

> *Judgments affirmed.*
> *Order denying motion for new trial affirmed.*

*James A. Couture* for the defendant.

*Thomas D. Ralph*, Assistant District Attorney, for the Commonwealth.