PHILIP J. COSTA *vs.* COMMONWEALTH. September 9, 2003. *Bail. Rules of Criminal Procedure. Due Process of Law,* Pretrial detainees.

The District Court judge ordered that bail for Philip J. Costa (defendant) be revoked pursuant to paragraph three of G. L. c. 276, § 58, based on allegations that the defendant committed two counts of assault and battery during the period of his release.

On August 21, 2002, the defendant was arraigned in the Cambridge District Court on charges of assault and battery (G. L. c. 265, § 13A), malicious destruction of property (G. L. c. 266, § 127), and intimidation of a witness (G. L. c. 268, § 13B). Cash bail was set in the amount of $1,000, and the defendant was advised of the potential for bail revocation pursuant to G. L. c. 276, § 58, if he were charged with committing a subsequent offense during the period of his release. The defendant posted bail and was released.

On December 16, 2002, the defendant was arraigned in the Cambridge District Court on two counts of assault and battery (G. L. c. 265, § 13A) for incidents that had occurred on November 28 and December 10 with respect to the same female complainant. The Commonwealth moved to revoke the defendant's bail for up to sixty days on the prior charges. The defendant filed a motion for a bail revocation hearing.[1] At the hearing, which occurred during the arraignment, the Commonwealth presented police reports describing the two new offenses and the defendant's criminal record history. The judge found that the defendant had been advised of the potential for bail revocation under G. L. c. 276, § 58. The judge further found that there was probable cause to believe that the defendant had committed two new offenses during the period that he had been free on bail, that the release of the defendant would endanger the complainant, and that no conditions of release imposed on the defendant would reasonably assure her safety. Accordingly, the judge revoked the defendant's bail with respect to the prior charges.[2]

For the reasons that we articulated in *Paquette* v. *Commonwealth, ante* 121 (2003), revocation of the defendant's bail pursuant to G. L. c. 276, § 58, did not violate his constitutional rights to due process under the Fourteenth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights. Further, the probable cause to arrest standard, rather than the standard of probable cause to bind over ("directed verdict") set forth in *Myers* v. *Commonwealth*, 363 Mass. 843 (1973), is appropriate to a bail revocation hearing. See *Paquette* v. *Commonwealth, supra* at 131-132.

We conclude that the evidence presented at the defendant's bail revocation

---

[1]In his motion, the defendant asserted that the due process provisions of the Fourteenth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights afforded him the right to cross-examine witnesses called by the Commonwealth in support of its motion to revoke bail and to call his own witnesses to challenge the Commonwealth's evidence on probable cause and dangerousness.

[2]The judge also set bail of $2,000 on each of the two new offenses.

hearing was sufficiently reliable and trustworthy to establish probable cause for the judge to believe that the defendant had committed a crime during the period of his release, that the defendant's release would seriously endanger a member of the community, and that his detention was necessary reasonably to assure the complainant's safety. See G. L. c. 276, § 58; *Paquette v. Commonwealth, supra* at 131-134, and cases cited.

The defendant contends that the Commonwealth's motion to revoke the defendant's bail was improper because it was not supported by an affidavit as required by Mass. R. Crim. P. 13 (a) (2), 378 Mass. 871 (1979).[3] As such, the judge should not have even considered the Commonwealth's motion.[4]

"The purpose of the affidavit requirement of Mass. R. Crim. P. 13 is: (1) to give the judge considering the motion a statement of anticipated evidence, in reliable form, to meet the defendant's initial burden of establishing the facts necessary to support his motion . . . and (2) to provide the Commonwealth with fair notice of the specific facts relied on in support of the motion set forth in a form, i.e., under oath, which is not readily subject to change by the affiant" (citation omitted). *Commonwealth v. Santosuosso*, 23 Mass. App. Ct. 310, 313 (1986). The Reporters' Notes to rule 13 state that "[n]ot every motion that is made in a pretrial posture comes within the scope of the rule. . . . Where, however, no other rules or statutes provide otherwise, pretrial motions should be made in conformity with the provisions of this rule." Reporters' Notes to Mass. R. Crim. P. 13, Mass. Ann. Laws, Rules of Criminal Procedure 133 (1997). With respect to a bail revocation proceeding, the language of G. L. c. 276, § 58, clearly enunciates the authority of the court to revoke a defendant's bail and the procedure that shall be followed in achieving that purpose. We conclude that a motion to revoke bail is not one that falls within the scope of rule 13 (a) (2).

The order revoking the defendant's bail is affirmed.

*So ordered.*

*Lynn Thomas Johnson* for Philip Costa.

*Kevin J. Curtin*, Assistant District Attorney (*Sarah Weyland Ellis*, Assistant District Attorney, with him) for the Commonwealth.

---

[3]Rule 13 (a) (2) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 871 (1979), provides, in pertinent part: "A pretrial motion shall state the grounds on which it is based and shall include in separately numbered paragraphs all reasons, defenses, or objections then available, which shall be set forth with particularity. . . . In addition, an affidavit detailing all facts relied upon in support of the motion and signed by a person with personal knowledge of the factual basis of the motion shall be attached."

[4]The defendant concedes that he did not object to the motion on the ground that no affidavit was attached.