## COMMONWEALTH vs. VALENTINE J. RODRIGUEZ.

No. 08-P-386.

Suffolk. March 10, 2009. - May 18, 2009.

Present: GRASSO, SMITH, & TRAINOR, JJ.

Further appellate review granted, 454 Mass. 1109 (2009).

*Controlled Substances. Constitutional Law,* Search and seizure. *Evidence,* Prima facie evidence. *Practice, Criminal,* Motion to suppress, Presumptions and burden of proof.

A Boston Municipal Court judge erred in denying the defendant's motion to suppress evidence, where the Commonwealth failed utterly to present any evidence to rebut the defendant's threshold showing that the seizure of cocaine found at the defendant's feet implicated his rights under the Federal and State Constitutions or to establish a factual basis for concluding that the defendant abandoned the drugs at his feet before he was seized, and accordingly, this court reversed the conviction of possession of cocaine and ordered that judgment enter for the defendant on that charge [315-317]; however, the judge properly denied the defendant's motion with respect to drugs found on a third person, as no Federal or State constitutional prohibition prevented introduction of evidence of drugs seized from a third person to prove that the defendant distributed cocaine and did so in a park [317].
This court reversed the defendant's conviction of distribution of cocaine, where the Commonwealth's proof was strengthened considerably by introduction of evidence of cocaine found with the defendant that should have been suppressed, and this court could not say, with fair assurance, that the judgment was not substantially swayed by the error. [317-319]

COMPLAINT filed in the Central Division of the Boston Municipal Court Department on September 25, 2006.

A pretrial motion to suppress evidence was heard by *Annette Forde,* J., and the case was tried before *Mark Hart Summerville,* J.

*Andrea Petersen* for the defendant.

*Joseph M. Ditkoff,* Assistant District Attorney (*Gregory D. Henning,* Assistant District Attorney, with him) for the Commonwealth.

GRASSO, J. A jury convicted the defendant of distribution of

"crack" cocaine, distribution within a public park, and possession of crack cocaine. On appeal, the defendant argues that several errors warrant reversal of his convictions. We focus only on the contentions that (1) the motion judge erred in denying the defendant's motion to suppress evidence, and (2) the evidence was insufficient to support his convictions of distribution.[1] For the reasons that follow, we reverse the defendant's convictions.

1. *The motion to suppress.* Prior to trial, the defendant moved to suppress the drugs, money, and other evidence arising from the warrantless arrest, search, and seizure of his person "on or about 9/25/06 in the area of Franklin Square [P]ark" in Boston. In support of his motion, the defendant filed an affidavit, based on personal knowledge. The defendant's motion and affidavit complied with Mass.R.Crim.P. 13, as appearing in 442 Mass. 1516 (2004), and asserted that the police stopped, searched, and arrested him, and seized evidence in violation of the Federal and State Constitutions and G. L. c. 276, § 1.

The defendant's motion and supporting affidavit satisfied his threshold burden of establishing that the seizure of the drugs implicated his rights under the Federal and State Constitutions. See *Commonwealth* v. *D'Onofrio*, 396 Mass. 711, 714-715 (1986). The defendant adequately raised the constitutional issues, met his initial burden of setting forth the facts necessary to support his motion, and provided the Commonwealth with fair notice of the facts and grounds relied on in a form not readily subject to change by the affiant. See *Commonwealth* v. *Santiago*, 30 Mass. App. Ct. 207, 212-213 (1991). Compare *Commonwealth* v. *Clegg*, 61 Mass. App. Ct. 197, 203-204 (2004). "Aware that the claims were based upon a warrantless search, the Commonwealth must have known that it would have the burden of producing evidence bringing the search within one of the recognized exceptions to the warrant requirement." *Commonwealth* v. *Santiago, supra* at 213. See *Commonwealth* v. *Antobenedetto*, 366 Mass. 51, 56-57 (1974) (Commonwealth bears burden of establishing legality of warrantless search).

Before presenting any evidence at the hearing on the motion to suppress, the prosecutor argued that the judge should deny

---

[1]We address only the dispositive issues because certain other issues raised by the defendant may not recur at any retrial of the distribution charges.

the defendant's motion summarily because, according to the prosecutor, the only items that would be introduced against the defendant had been seized not from the defendant but from the ground at his feet and from Jessica Rivera, to whom the defendant distributed the drugs. The judge correctly concluded that the prosecutor's assertions did not rebut the defendant's threshold showing, and she proceeded to hear evidence. See *Commonwealth v. Taylor*, 383 Mass. 272, 281-282 & n.10 (1981) (where defendant makes out prima facie case, it is up to Commonwealth to produce "offsetting evidence" if it can).[2]

The Commonwealth's sole witness was Detective Robert Pieroway of the Boston police department, who described when and how he seized the cocaine from Jessica Rivera that supported the distribution charges. The Commonwealth offered no testimony whatsoever regarding how Officers Patrick Champagnie and Kenneth Reed of the Boston police department, who interacted with the defendant a short distance away, obtained the cocaine that supported the separate charge of possession of cocaine. The judge noted that she had heard no evidence regarding the seizure of cocaine from the defendant and questioned, correctly, "why [that evidence] should not be suppressed given the fact that I've heard nothing about it." Nevertheless, the judge denied the defendant's motion in its entirety, and did so without making any factual findings.

Absent factual findings, and without a basis in the evidence, it was error to conclude that "[those drugs] weren't found on his person so they weren't seized from him." See *Commonwealth v. Berry*, 420 Mass. 95, 105 (1995) (judge's factual findings at evidentiary hearing determine whether government's conduct intrudes on defendant's reasonable expectation of privacy so as to constitute search in constitutional sense). Indeed, the judge's initial instinct was correct: the evidence relating to the charge of possession of cocaine should have been suppressed given that she heard nothing about its seizure.

The Commonwealth failed utterly to present any evidence to

---

[2]We pause to emphasize that while the defendant's supporting affidavit sufficed to raise the constitutional issues, that affidavit is not evidence at the suppression hearing. See *Commonwealth v. Ellerbe*, 430 Mass. 769, 776 n.12 (2000); *Commonwealth v. McCambridge*, 44 Mass. App. Ct. 285, 289 (1998).

rebut the defendant's threshold showing or to establish a factual basis for concluding that the defendant abandoned the drugs at his feet before he was seized. See *Commonwealth* v. *Taylor*, 383 Mass. at 281-282 n.10 (where defendant makes out prima facie case and no proof is adduced to contrary, defendant will prevail). We reject the claim that the defendant's burden to establish that there was a search or seizure in the constitutional sense required him to do more than was done here. The defendant's motion and supporting affidavit appropriately raised the constitutional issue and placed upon the Commonwealth a burden of production that it failed to meet. See *ibid.* Indeed, the contention that the Commonwealth can satisfy its burden of production and rebut a defendant's well pleaded constitutional challenge by the mere assertion of a prosecutor that police found items of evidence and did not search for or seize them turns suppression jurisprudence on its head.

Because the Commonwealth offered no evidence explaining when and how the police seized the crack cocaine that relates to the charge of possession of cocaine, the judge erred in denying the defendant's motion to suppress that evidence. Without that evidence, the proof is insufficient to support conviction of that charge. See *Kater* v. *Commonwealth*, 421 Mass. 17, 18 (1995) (if improperly admitted evidence is disregarded, double jeopardy principles do not necessarily bar retrial). Accordingly, we must reverse the conviction of possession of cocaine.

The complaints of distribution and distribution in a park stand on slightly different footing. As to any search or seizure of drugs from Rivera that provides proof of the distribution charges, the defendant may not complain. "At that stage of the transaction the defendant's interest is in the sale process — not the drugs." *Commonwealth* v. *Garcia*, 34 Mass. App. Ct. 386, 391 (1993) (seller of drugs has no right to challenge search of buyer). No Federal or State constitutional prohibition prevents introduction of the drugs seized from Rivera to prove that the defendant distributed cocaine and did so in a park.

2. *Sufficiency of the evidence of distribution.* Viewed most favorably to the Commonwealth, see *Commonwealth* v. *Latimore*, 378 Mass. 671, 677-678 (1979), the Commonwealth presented sufficient evidence to establish that the defendant distributed

cocaine to Rivera and did so within a park. Detective Pieroway and Officer William Donga of the Boston police department observed the defendant meet Rivera in Franklin Square Park. The defendant and Rivera then left the park, crossed the street, and entered the courtyard of a housing development where they met a man on a bicycle, later identified as Alex Cherizard.

All three entered 10 East Brookline Street as Cherizard reached into his pants. Thirty seconds later, the defendant and Rivera left the building and walked back to the park. When they were inside the park, the defendant reached into his left pocket with his left hand. He held his left hand out, palm up, reached into his palm with his right hand, and handed something to Rivera. She took the item and quickly left the square, walking to a bus stop, where she sat down on a bench next to another man.

Detective Pieroway approached Rivera, and when he was a few feet away, he saw her throw something to the ground. He retrieved the item, which was a dollar bill containing a yellow, rocklike substance that proved to be crack cocaine. After speaking with Rivera, Pieroway informed Officers Champagnie and Reed by radio to arrest the defendant for distribution. Following the defendant's arrest, Pieroway confirmed that the defendant was the man he saw exchanging something with Rivera in the park.[3]

Although the defendant has no basis to challenge the seizure of the cocaine from Rivera, the Commonwealth's proof that the defendant distributed crack cocaine was strengthened considerably by introduction of the separate cocaine found with the defendant that should have been suppressed. That evidence made it measurably more plausible that the defendant had distributed cocaine to Rivera and that she did not have the cocaine on her before meeting with the defendant.[4] See Commonwealth v. Martin, 57 Mass. App. Ct. 272, 277 (2003), S.C., 442 Mass. 1002 (2004).

---

[3]There is no merit to the defendant's contention that the judge erred in not instructing the jury on joint possession. The evidence did not warrant such an instruction. See Commonwealth v. Johnson, 413 Mass. 598, 604-605 (1992); Commonwealth v. DePalma, 41 Mass. App. Ct. 798, 803-804 (1996).

[4]At trial, Officer Champagnie testified that when he and Reed approached the defendant and identified themselves as "Boston Police," the defendant dropped an item to the ground. That item proved to be drugs that formed the basis of the charge of possession of cocaine.

" '[We] cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error . . . .' *Commonwealth* v. *Peruzzi*, 15 Mass. App. Ct. 437, 445 (1983), quoting *Kotteakos* v. *United States*, 328 U.S. 750, 764-765 (1946)."[5] *Commonwealth* v. *Flebotte*, 417 Mass. 348, 353 (1994). Accordingly, we reverse the defendant's distribution convictions.

In sum, we reverse the judgments, set aside the verdicts, and remand the case to the Boston Municipal Court for further proceedings in accordance with this opinion.

*So ordered.*

---

[5]We have also considered, and reject, the defendant's contentions that the judge erred in admitting the drugs seized from Rivera because of a weakness in authentication. See *Commonwealth* v. *Penta*, 423 Mass. 546, 556 (1996) (alleged weaknesses in chain of custody go to weight, not admissibility, of evidence).