The defendant has been charged with possession of heroin with intent to distribute, G. L. c. 94C, § 32(a ). Following an evidentiary hearing, a District Court judge allowed the defendant's motion to suppress heroin seized from his backpack following a traffic stop. The Commonwealth's application to pursue an interlocutory appeal was allowed by a single justice of the Supreme Judicial Court, who reported the matter to this court. See G. L. c. 278, § 28E ; Mass.R.Crim.P. 15(a)(2), as appearing in 422 Mass. 1501 (1996). The Commonwealth's principal argument on appeal is that the heroin was seized pursuant to a valid consent search and therefore it was error to suppress the fruits of the search. For the reasons that follow, we reverse and remand for further proceedings.
Background. We summarize the pertinent facts from the judge's findings on the motion to suppress, supplemented where appropriate by uncontroverted suppression hearing testimony that the judge explicitly or implicitly credited. See Commonwealth v. Jones-Pannell, 472 Mass. 429, 431 (2015). At approximately 5:45 P.M. on August 20, 2016, Massachusetts State police Trooper Gerald Perwak observed the defendant operating a motor scooter on Walnut Street in Springfield. Trooper Perwak's attention was drawn to the motor scooter because its speed exceeded twenty miles per hour and it was traveling in the middle of the lane-both traffic violations for such vehicles. Trooper Perwak followed the motor scooter as it turned into a Burger King parking lot, activated his cruiser's blue lights, and pulled up behind the scooter when it stopped. Trooper Perwak approached the defendant and asked for an operator's license, permit, or other form of personal identification. The defendant was unable to produce any, but gave the trooper his name and assisted him in locating the motor scooter's vehicle identification number.
Trooper Perwak directed the defendant to remove the backpack that he was wearing and inquired about its contents. The defendant responded "money." Trooper Perwak asked the defendant if he could "look inside [the] backpack." Trooper Perwak testified that the defendant responded by nodding his head and saying "yeah." The search of the backpack revealed over 200 bags of suspected heroin.
The defendant testified at the hearing and denied that he consented to a search of his backpack. The judge did not resolve this conflict in the evidence. He concluded that although there was a "clear basis to make a motor vehicle stop for the observed infractions, ... [there was] no probable cause to request to search the backpack[,] [n]o exigent circumstances[,] ... [and] no suggestion that ... the [t]rooper had any fear for his safety."
Discussion. We review the judge's decision under familiar standards, and accept the judge's factual findings unless they are clearly erroneous. See Commonwealth v. Welch, 420 Mass. 646, 651 (1995). However, we "make an independent determination of the correctness of the judge's application of constitutional principles to the facts." Commonwealth v. Mercado, 422 Mass. 367, 369 (1996).
There is no question that Trooper Perwak's initial stop of the defendant was valid. "Where the police have observed a traffic violation, they are warranted in stopping a vehicle." Commonwealth v. Amado, 474 Mass. 147, 151 (2016), quoting from Commonwealth v. Santana, 420 Mass. 205, 207 (1995). Here, Trooper Perwak observed the defendant driving his motor scooter in the middle of the lane in excess of twenty miles per hour in violation of G. L. c. 90, § 1E.[2] The judge correctly concluded that "[t]here was a clear basis to make a motor vehicle stop for the observed infractions." The defendant does not claim otherwise.
Rather, the defendant argued at the suppression hearing that the trooper unlawfully extended that routine traffic stop by inquiring about the contents of the backpack. We disagree. In the course of a traffic stop, "[i]f the driver produces a valid license and registration, there is ordinarily no reason for an officer to probe further. The officer should give the driver a citation for the traffic offense and then permit the vehicle to proceed on its way." Commonwealth v. Bartlett, 41 Mass. App. Ct. 468, 471 (1996). Here, however, the defendant did not produce a valid license or registration. Therefore, the trooper was entitled to prolong the roadside investigation to confirm the defendant's identity, to ensure that the defendant was properly licensed, and to verify the scooter's registration. See Commonwealth v. Ciaramitaro, 51 Mass. App. Ct. 638, 643-644 (2001) (officer's "efforts to confirm the validity of the defendant's driver's license and registration" may permissibly extend length of traffic stop). See also G. L. c. 90, § 1E ("A motorized scooter shall not be operated on any way by a person not possessing a valid driver's license or learner's permit").
Having concluded that the traffic stop was lawfully extended to confirm the defendant's identity and his right to operate the motor scooter on a public way, we next examine whether, during the prolonged traffic stop, the trooper was permitted to request consent to search the backpack. "General questioning unrelated to the reason for a police encounter does not 'convert the encounter into something other than a lawful seizure, so long as those inquiries do not measurably extend the duration of the stop.' " Commonwealth v. Mathis, 76 Mass. App. Ct. 366, 372 n.13 (2010), quoting from Arizona v. Johnson, 555 U.S. 323, 333 (2009). Here, Trooper Perwak's questions about the backpack came soon after his initial contact with the defendant and before the defendant's identity and right to operate the motor scooter had been confirmed. When Trooper Perwak asked the defendant about the contents of his backpack and the defendant responded "money," Trooper Perwak immediately followed up with a second question-"[c]an I look inside your backpack?" Nothing in the record suggests that the duration of the stop was extended by Trooper Perwak's questions related to the backpack or that the backpack search caused any significant delay.
It is well settled that "[t]he police require neither probable cause nor reasonable suspicion to ask an individual to give consent to a search." Grasso & McEvoy, Suppression Matters Under Massachusetts Law § 11-3[b] (2017). See Commonwealth v. Rodriguez, 456 Mass. 578, 588 (2010), quoting from Commonwealth v. Mubdi, 456 Mass. 385, 389 (2010) (Commonwealth has burden of proving "probable cause, reasonable suspicion, or consent to search" to justify search [emphasis supplied] ). Therefore, to the extent that the order allowing the motion to suppress was based upon the judge's conclusion that "the court finds no probable cause to request to search the backpack," it was error. No predicate was required to ask for consent.[3]
Conclusion. The judge did not resolve the conflict in the evidence as to whether the defendant gave his consent to search the backpack. Therefore, the order allowing the motion to suppress for failure to establish probable cause or reasonable suspicion to request consent to search the defendant's backpack is reversed, and the case is remanded for resolution of that issue and such further proceedings as may be necessary.[4]
So ordered.

"A motorized scooter shall not be operated on any way ... at a speed in excess of 20 miles per hour.... [A] scooter operator shall keep to the right side of the road at all times." G. L. c. 90, § 1E, inserted by St. 2004, c. 396, § 3.

"Other points, relied on by the defendant[ ], but not discussed in this opinion, have not been overlooked. We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

In light of his ruling, the judge did not address the portion of the motion seeking to suppress the defendant's statements. We note that, prior to the hearing, the judge determined that the scope of the hearing was limited to "the stop and any statements made at that point," rather than statements the defendant later made at the police station.