NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-195

COMMONWEALTH

vs.

FAITH WOODS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury-waived trial, the defendant was convicted of negligent operation of a motor vehicle pursuant to G. L. c. 90, § 24 (2) (a). On appeal, she challenges the denial of a motion for a required finding of not guilty at the close of the Commonwealth's case and maintains the judge erred by considering facts not in evidence in finding her guilty. We reverse on the first ground and therefore do not consider the second.

"The standard for evaluating a motion for a required finding of not guilty is 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Commonwealth v. James, 424 Mass.

770, 784 (1997), quoting Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). "Our analysis asks not whether the evidence requires a finding of guilty, but whether it permits such a finding beyond a reasonable doubt." Commonwealth v. Rodriguez, 456 Mass. 578, 582 (2010), quoting Commonwealth v. Nolin, 448 Mass. 207, 215 (2007). "[I]t is not enough for the appellate court to find that there was some record evidence, however slight, to support each essential element of the offense; it must find that there was enough evidence that could have satisfied a rational trier of fact of each such element beyond a reasonable doubt." Latimore, supra at 677-678.

For the defendant to be guilty of negligent operation, the Commonwealth must prove that she "operated the vehicle 'negligently so that the lives or safety of the public might be endangered.'" Commonwealth v. Zagwyn, 482 Mass. 1020, 1021 (2019), quoting G. L. c. 90, § 24 (2) (a). "The statute 'only requires proof that the defendant's conduct [in operating the vehicle] might have endangered the safety of the public, not that it in fact did.'" Zagwyn, supra, quoting Commonwealth v. Ferreira, 70 Mass. App. Ct. 32, 35 (2007).

The Commonwealth's trial evidence consisted of testimony from the responding officer and photographs of the crash scene. The officer testified that he was called to the crash scene

2

after the accident.  He found the defendant's damaged vehicle off the road "wedged between the guardrail and utility pole." The defendant had an egg-sized bruise on her forehead and a bloody nose; the vehicle had a "spider web" crack on the windshield consistent with the defendant striking her head on the window.  The front right tire of the car was flat and the passenger-side mirror was knocked down.  The defendant told the officer that she hit a patch of ice, but he observed that the roadway was dry and salted.

We recognize that "a driver may be involved in a collision, even a single-car collision, without acting negligently." Commonwealth v. Howe, 103 Mass. App. Ct. 354, 358 (2023). Without a witness to the accident, there was "no evidence of the level of care actually exercised by the driver."  Aucella v. Commonwealth, 406 Mass. 415, 419 (1990).  "The mere happening of an accident . . . where the circumstances immediately preceding it are left to conjecture, is not sufficient to prove negligence on the part of the operator of the vehicle."  Id. at 418; cf. Howe, supra at 358-359 (upholding conviction for negligent operation where there was extensive damage to vehicle, and officer testified based on his experience and observations that defendant crossed into "opposite lane of travel, causing

[vehicle] to strike a telephone pole and a mailbox before spinning around and striking another mailbox").

The Commonwealth also presented some evidence of intoxication. The officer testified that the defendant smelled of alcohol. The officer did not recall finding any alcohol in the vehicle. He conducted three field sobriety tests. On the first -- the only test that showed any impairment -- the defendant "did okay," performing fifteen steps out of eighteen correctly; she "did very well" on the second test; on the third, she "showed that she could follow the instructions and count" despite beginning with the wrong number initially.

This was scant evidence of impairment and it was weakened by the testimony that the defendant sustained a head injury from the accident. "[A]lthough evidence of an operator's intoxication is relevant to a charge of negligent operation, a conviction of negligent operation requires something more than just operating a motor vehicle while under the influence of alcohol." Zagwyn, 482 Mass. at 1022; cf. Commonwealth v. Ross, 92 Mass. App. Ct. 377, 380-381 (2017) (physical impairment in all field sobriety tests combined with evidence of excess speed at night on narrow residential road supported conviction of negligent operation).

4

The evidence was not enough.  The Commonwealth's proposed inference was not "of sufficient force to bring minds of ordinary intelligence and sagacity to the persuasion of [guilt] beyond a reasonable doubt."  Latimore, 378 Mass. at 677, quoting Commonwealth v. Cooper, 264 Mass. 368, 373 (1928); see Rodriguez, 456 Mass. at 583 (reversing conviction where inference required to prove element of offense "may be plausible, but cannot bear the weight of proof beyond reasonable doubt").

Judgment reversed.

Finding set aside.

Judgment for the defendant.

By the Court (Sacks, Shin & Hershfang, JJ.[1]),

Clerk

Entered:  December 9, 2024.

---

[1] The panelists are listed in order of seniority.

5